ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

SAMUEL F. ADUSAH,            )
                             )
    Plaintiff,                )
                             )
v.                           )    CV 113-014
                             )
FNU STEVENS, Doctor, Augusta State )
Medical Prison,              )
                             )
    Defendant.                )

# ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation ("R&R"), to which objections have been filed, (doc. no. 11). The Magistrate Judge determined that Plaintiff lied about his filing history under penalty of perjury, specifically by failing to disclose a case he had previously filed in the Middle District of Georgia. As a result, he recommended that this case be dismissed without prejudice as a sanction for Plaintiff's abuse of the judicial process. (Doc. no. 9.) In his objections, Plaintiff does not dispute that he provided false information about his filing history, but he states that he did not do so "intentionally." (Doc. no. 11, p. 2.) Rather, Plaintiff asserts that he "was acting on the good faith principle and belief" that he only needed to report cases filed in the Southern District of Georgia. (Id.)

Upon consideration, the Court concludes that Plaintiff's objections lack merit. The form Plaintiff used to draft his complaint specifically asks, "Have you begun other lawsuits

in state or federal court dealing with the same facts involved in this action?" (See doc. no. 1, p. 1 (emphasis added).) A separate question on the form asks, "While incarcerated or detained in any facility, have you brought any lawsuits in federal court which deal with facts other than those involved in this action?" (Id. at 2 (emphasis added).) These questions unambiguously[1] refer to Plaintiff's entire filing history in federal court, and Plaintiff provided false information to the Court by declaring, under penalty of perjury, that he had only brought one other case, Adusah v. Stevens, CV 110-122 (S.D. Ga. Mar. 10, 2011), when he had also filed Adusah v. Ga. Dep't of Corrs., 5:10-cv-00269-CAR-CHW (M.D. Ga. Oct. 19, 2010). (See id. at 1-3, 6.)

Furthermore, Plaintiff's filing history in this Court belies his assertion that he believed he only needed to disclose Southern District cases. In Stevens, Plaintiff utilized the same complaint form as he did in this case, and he disclosed his prior Middle District case on that form. See CV 110-122, doc. no. 1, pp. 1-2. Simply put, the Court will not allow Plaintiff to abuse the judicial process and then escape being sanctioned by offering implausible excuses upon the discovery of his dishonesty. See Rivera v. Allin, 144 F.3d 719, 721-27 (11th Cir. 1998) (emphasizing seriousness of abuse of judicial process that occurs when litigant lies about the existence of a prior lawsuit), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007). In light of these considerations, Plaintiff's objections are **OVERRULED**.

---

[1] Notably, the Eleventh Circuit, in an unpublished opinion, specifically rejected the contention that the question on the complaint form about prior cases involving "facts other than those involved in this action" was ambiguous. See Hood v. Tompkins, 197 F. App'x 818, 819 (11th Cir. 2006) (*per curiam*).

2

Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Therefore, this action is **DISMISSED** without prejudice as a sanction for Plaintiff's abuse of the judicial process.

SO ORDERED this 24th day of May, 2013, at Augusta, Georgia.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA